UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BEVERLY JONES-WHITLEY, et al.       )
                                    )
       Plaintiffs,                  )    Case No. 1: 07CV00348
                                    )
v.                                  )
                                    )
FORD MOTOR COMPANY,                 )
                                    )
       Defendant.                   )
_____

### FORD MOTOR COMPANY'S ANSWER TO COMPLAINT

Defendant, Ford Motor Company ("Ford"), by its undersigned counsel, hereby answers the Complaint and sets fort its defenses, pursuant to Federal Rules of Civil Procedure 8 and 12, as follows:

1. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except that it admits that the amount in controversy is alleged to exceed $75,000.

2. Ford denies the allegations in paragraph 2 of the Complaint.

3. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Ford is without knowledge or information sufficient for a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Ford denies the allegations in paragraph 5 of the Complaint, except that Ford admits that it is a Delaware corporation and that it is registered to do business in the District of Columbia and transacts some business in the District of Columbia.

6. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Ford denies the allegations of paragraph 14 of the Complaint.

15. Ford is without knowledge or information sufficient to form a belief as to the truth of Plaintiff Beverly Jones-Whitley's alleged injuries in paragraph 15 of the Complaint.

## COUNT I
**(Negligence Claim Against Ford)**

16. In response to paragraph 16 of the Complaint, Ford hereby incorporates by reference its responses to all other paragraphs in the Complaint, and Ford denies the allegations in paragraph 16 of the Complaint.

17. Ford denies the allegations in paragraph 17 of the Complaint.

18. Ford denies the allegations in paragraph 18 of the Complaint, including subparagraphs (a) through (f).

19. Ford denies the allegations in paragraph 19 of the Complaint.

20. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

Ford denies that Plaintiffs are entitled to the relief requested in the *ad damnum* clause of Count I of the Complaint.

## COUNT II
### (Strict Liability Claim Against Ford Motor Company)

21. In response to paragraph 21 of the Complaint, Ford hereby incorporates by reference its responses to all other paragraphs of the Complaint, and Ford denies the allegations in paragraph 21 of the Complaint.

22. Ford denies the allegations in paragraph 22 of the Complaint.

23. Ford denies the allegations in paragraph 23 of the Complaint.

24. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, except that Ford admits that it designed, distributed, advertised, marketed, sold, and promoted, in full or in part, the Ford Windstar.

25. Ford denies the allegations in paragraph 25 of the Complaint.

26. Ford denies the allegations in paragraph 26 of the Complaint.

27. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

Ford denies that Plaintiffs are entitled to the relief requested in the *ad damnum* clause of Count II of the Complaint.

## COUNT III
**(Punitive Damages Claim Against Ford)**

28. In response to paragraph 28 of the Complaint, Ford hereby incorporates by reference its responses to all other paragraphs of the Complaint, and Ford denies the allegations in paragraph 28 of the Complaint.

29. Ford denies the allegations in paragraph 29 of the Complaint, including subparagraphs (a) through (c).

30. For denies the allegations in paragraph 30 of the Complaint.

31. Ford denies the allegations in paragraph 31 of the Complaint.

Ford denies that Plaintiffs are entitled to the relief requested in the *ad damnum* clause of Count III of the Complaint.

## COUNT IV
**(Loss of Consortium Claim Against Ford)**

32. In response to paragraph 32 of the Complaint, Ford hereby incorporates by reference its responses to all other paragraphs of the Complaint, and Ford denies the allegations in paragraph 32 of the Complaint.

33. Ford is without knowledge or information sufficient to form a belief as to the allegations in paragraph 33 of the Complaint.

34. Ford denies the allegations in paragraph 34 of the Complaint.

Ford denies that Plaintiffs are entitled to the relief requested in the *ad damnum* clause of Count IV of the Complaint.

## ADDITIONAL DEFENSES

1. The Complaint, or part thereof, fails to state any claim upon which relief can be granted against Ford.

2. The Court lacks personal jurisdiction over Ford.

3. Venue in the District of Columbia is improper, inconvenient, and does not serve the interests of justice.

4. The claims asserted in the Complaint are or may be barred by the applicable statute of limitations and/or statute of repose.

5. The claims asserted in the Complaint may be barred, in whole or in part, by estoppel.

6. The claims asserted in the Complaint may be barred, in whole or in part, by waiver.

7. The claims asserted in the Complaint may be barred, in whole or in part, by res judicata (claim preclusion).

8. The claims asserted in the Complaint may be barred, in whole or in part, by collateral estoppel (issue preclusion).

9. The claims asserted in the Complaint may be barred, in whole or in part, because of prior adjudication of some or all claims asserted herein.

10. The claims asserted in the Complaint may be barred, in whole or in part, by a prior arbitration decision and/or award.

11. The claims asserted in the Complaint may be barred, in whole or in part, by a release as to those claims.

12. The claims asserted in the Complaint may be barred by the failure to join indispensable parties.

13. The claims asserted in the Complaint may be barred, in whole or in part, by payment.

BA2DOCS1/313415.v1

14. The claims asserted in the Complaint may be barred, in whole or in part, by an accord and satisfaction.

15. The claims asserted in the Complaint may be barred, in whole or in part, by spoliation of evidence.

16. The claims asserted in the Complaint may be barred, in whole or in part, by assumption of the risk by Plaintiff Beverly Jones-Whitley and/or Plaintiff Michael Whitley.

17. The claims asserted in the Complaint may be barred, in whole or in part, by the contributory or comparative negligence of Plaintiff Beverly Jones-Whitley and/or Plaintiff Michael Whitley.

18. The claims asserted in the Complaint may be barred, in whole or in part, by the preemptive effect of federal law.

19. Any injury, loss, or damages that may have been sustained were the result of an independent, intervening agency or instrumentality over which Ford had no control or right of control.

20. Any injury, loss, or damages that may have been sustained were directly and proximately caused by the superseding, intervening acts and omissions of a third party or third parties for which Ford is neither responsible nor liable, including but not limited to the acts and/or omissions of Isabel Mercer.

21. Any conduct allegedly giving rise to liability on the part of Ford is not a substantial cause or factor of the subject incident, or any potential or actual injury or damage, if any.

BA2DOCS1/313415.v1

23. If Plaintiff Beverly Jones and/or Plaintiff Michael Whitley sustained any injuries, those injuries resulted from or may have resulted from pre-existing or unrelated medical, genetic, or environmental conditions, diseases, or illnesses and not from an act or omission by Ford.

24. Plaintiff Beverly Jones-Whitley and/or Plaintiff Michael Whitley may have failed to mitigate her damages.

25. Plaintiff Beverly Jones-Whitley and/or Plaintiff Michael Whitley may not have standing or capacity to bring claims against Ford.

26. The vehicle at issue was reasonably fit, suitable, and safe for its intended use.

27. The vehicle at issue was not designed, manufactured, or assembled in a defective manner.

28. If Ford manufactured, assembled, distributed, and/ or sold the subject vehicle as alleged, such vehicle may have been substantially modified, altered, or changed after it left Ford's possession, custody, and control.

29. The claims asserted in the Complaint against Ford are barred because the methods, standards, and techniques utilized in designing and manufacturing the Ford product in question were in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product was designed, manufactured, and/or supplied.

30. Ford is entitled to set-off, contribution, and/or indemnity should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiffs with respect to the same alleged injuries. Ford is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

31.     Plaintiffs' claims are barred because they have impermissibly split their causes of action by bringing this action and a separate action against other persons in another court arising out of the same alleged facts and injuries.

32.     Recovery of Plaintiffs' alleged damages is limited by the applicable statutory ceilings on recoverable damages, including but not limited to, § 11-108 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code.

33.     The Complaint fails to state a claim upon which punitive damages may be awarded or imposed.

34.     To the extent that Plaintiffs seek punitive damages, Plaintiffs' claim for punitive damages is barred by the Due Process, Equal Protection, Double Jeopardy, and Excessive Fines Clauses of the United States Constitutions, as well as other provisions therein, and by the Constitution or Declaration of Rights of the States of Michigan, Maryland, the District of Columbia, or any other state whose law the Court decides to apply, and would be improper under the common law and public policies of the state whose law the Court decides to apply.

35.     Unless Ford's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Ford's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Constitution or Declaration of Rights of the States of Michigan, Maryland, the District of Columbia, or any other state whose law the Court decides to apply, and would be improper under the common law and public policies of the state whose law the Court decides to apply.

36.     Plaintiffs' claim for punitive damages against Ford cannot be maintained, because an award of punitive damages under current applicable law would be void for vagueness, both

facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Constitution of Declaration of Rights of the States of Michigan, Maryland, the District of Columbia, or any other state whose law the Court decides to apply.

37.     Plaintiffs' claim for punitive damages against Ford cannot be maintained, because any award of punitive damages under the law the Court decides to apply would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited for awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Ford, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Ford's due process rights guaranteed by the

Fourteenth Amendment to the United States Constitution and by the Constitution or Declaration of Rights of the States of Michigan, Maryland, the District of Columbia, or any other state whose law the Court decides to apply, and would be improper under the common law and public policies of the state whose law the Court decides to apply.

38. Any award of punitive damages based on anything other than Ford's conduct in connection with the design, manufacture, and sale of the specific single Ford Windstar that is the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Constitution or Declaration of Rights of the States of Michigan, Maryland, the District of Columbia, or any other state whose law the Court decides to apply, and would be improper under the common law and public policies of the state whose law the Court decides to apply, because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the state whose law the Court decides to apply. In addition, any such award would violate principles of comity under the laws of the state whose law the Court decides to apply.

39. To the extent that the law of the state whose law the court decides to apply permits punishment to be measured by the net worth or financial status of Ford and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Ford in other states, and allows dissimilar treatment of similarly situated defendants, in violation of the Due Process and Equal Protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce

Clause of the United States Constitution, and the Constitution or Declaration of Rights of the States of Michigan, Maryland, the District of Columbia, or any other state whose law the Court decides to apply.

40. Under the District of Columbia choice of law rules, the law of Michigan applies to punitive damages. Pursuant to that law, no punitive damages can be awarded.

41. Ford hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to assert any such defense.

42. Ford intends to rely upon and reserves the right to assert other and related defenses, as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state or jurisdiction other than the District of Columbia.

WHEREFORE, Defendant Ford requests:

(a) that the Complaint be dismissed with prejudice;

(b) that Plaintiff takes nothing by the Complaint;

(c) that Ford be awarded its costs, disbursements, attorneys' fees, and expenses incurred herein; and

(d) that Ford be awarded such other and further relief as the Court may deem proper.

Respectfully Submitted,


_____/s/_____
John A. McCauley (Bar No. 460217)
Venable LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland  21201
(410) 244-7400  (tel)
(410) 244-7742  (fax)

Attorneys for Defendant,
*Ford Motor Company*